UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

---------------------------------------------- X
                                              )   No._____
"AMY",                                        )
            Plaintiff,                        )   **COMPLAINT**
                                              )
v.                                            )
                                              )   JURY DEMAND
JOSHUA OSMUN KENNEDY,                         )
            Defendant.                        )
                                              )
----------------------------------------------X

Plaintiff, "Amy," through her attorneys James R. Marsh of Marsh Law Firm PLLC, Jennifer Freeman of Freeman Lewis LLP, and Jo-Hanna Read of the Law Office of Jo-Hanna Read, alleges for her complaint as follows:

## NATURE OF THE ACTION

This is a suit for damages arising out of the Defendant's criminal violations of federal child pornography statutes including 18 U.S.C. § 2252(a)(1) and 18 U.S.C.§ 2252A(a)(5)(B).

18 U.S.C. § 2255(a) allows victims of child pornography to recover damages and the cost of the suit, including reasonable attorney's fees, from individuals who violate 18 U.S.C. § 2252(a)(1) and 18 U.S.C. § 2252A(a)(5)(B).

COMPLAINT-1

LAW OFFICE OF
JO-HANNA READ
2200 Sixth Ave., #1250
Seattle, WA 98121
(206) 441-1980
(206) 441-5803 Fax

18 U.S.C. § 2255(a) provides for a minimum of $150,000 in damages for a victim who is personally injured as a result of a violation of 18 U.S.C. § 2252(a)(1) and 18 U.S.C. § 2252A(a)(5)(B).

18 U.S.C. § 2252A(f) allows any person aggrieved by a violation of Section 2252A to sue for compensatory and punitive damages, the costs of the civil action, and reasonable fees for attorneys and expert witnesses.

## I.   PARTIES

1.1   The Plaintiff, Amy, was born in 1989 and currently resides in Pennsylvania.

1.2   "Amy" is a pseudonym for the victim depicted in the Misty child pornography series.

1.3   The Defendant is currently residing in the Western District of Washington at Community Corrections Office, 2425 South 200 Street, Seattle, Washington 98198.

## II.   JURISDICTION AND VENUE

2.1   Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under federal laws 18 U.S.C. §§ 2252A(f) and 2255.

2.2   Federal diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2.3   Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because this is a civil action brought in the judicial district where the Defendant resides and a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in this judicial district.

LAW OFFICE OF
JO-HANNA READ
2200 Sixth Ave., #1250
Seattle, WA 98121
(206) 441-1980
(206) 441-5803 Fax

### III. FACTUAL BACKGROUND

3.1     On November 9, 2007, the Defendant arrived at Sea-Tac Airport from an overseas trip.

3.2     After a secondary inspection of his baggage by the U.S. Customs and Border Patrol revealed images of an "underage-looking" nude female "in different sexual positions" on his laptop computer, the Defendant's computer was seized.

3.3     At the Defendant's criminal trial, forensic expert Derrick Donnelly, Chief Technology Officer of Black Bag Technologies, testified that he conducted the examination of the Defendant's computer.

3.4     Donnelly's examination revealed that the Defendant had a long and frequent history over a two-year period of accessing websites that contain child pornography.

3.5     Donnelly testified that he found 30 images of child pornography in active files and over 5,000 images of child pornography in deleted cache files.

3.6     Child Victim Identification Program (CVIP) analysts at the National Center for Missing and Exploited Children (NCMEC) matched 17 images on the Defendant's computer to images of Amy in NCMEC's database and notified the government of its findings in a CVIP report.

3.7     Upon information and belief, the Misty Series features images of Amy as a pre-pubescent girl being forced to perform a series of extremely graphic sexual acts, including oral copulation, anal penetration, and masturbation, with an adult man.

COMPLAINT-3

LAW OFFICE OF
JO-HANNA READ
2200 Sixth Ave., #1250
Seattle, WA 98121
(206) 441-1980
(206) 441-5803 Fax

1  3.8 On November 5, 2008, a federal grand jury indicted the Defendant on one count of transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

3.9 On August 27, 2009, after a three-day trial, a jury convicted the Defendant of one count of transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

3.10 After he was convicted but before sentencing, the Defendant confessed to his crimes and acknowledged that he harmed child victims which included Amy. In a pre-sentencing letter to the judge seeking leniency, the Defendant wrote, "I...accept responsibility for the crime I committed. I viewed and downloaded images of child pornography. I am horrified by my actions...." He also told the court that (i) "I fully support all of the laws that protect children;" (ii) "I am horrified that I helped perpetuate a market for child abuse;" (iii) "I feel horrible for what was done to these kids;" and, (iv) "[t]here is no doubt that I deserve punishment."

3.11 At sentencing, the district court dismissed the possession count as a lesser-included-offense of the transportation count.

3.12 The district court sentenced the Defendant to 60 months in prison and 15 years of supervised release, and ordered him to pay Amy $17,000 in restitution.

3.13 On appeal, the Ninth Circuit affirmed the Defendant's conviction and sentence.

3.14 Concerning restitution, the Ninth Circuit held that Amy was a victim who suffered personal injury as a result of the Defendant's child pornography crimes:

> Amy and Vicky presented ample evidence that the viewing of their images caused them emotional and psychic pain, violated their privacy interests, and injured their reputation and well-being. Amy, for example, stated that her "privacy ha[d] been invaded" and that she felt like she was "being exploited and used every day and

COMPLAINT-4

LAW OFFICE OF
JO-HANNA READ
2200 Sixth Ave., #1250
Seattle, WA 98121
(206) 441-1980
(206) 441-5803 Fax

every night." *** Even without evidence that Amy and Vicky knew about Kennedy's conduct, the district court could reasonably conclude that Amy and Vicky were "harmed as a result of" Kennedy's participation in the audience of individuals who viewed the images. We therefore hold that Amy and Vicky are "victims" of Kennedy's offense.

*U.S. v. Kennedy*, 643 F.3d 1251, 1263 (9th Cir. 2011) (internal citations removed).

## IV. THE PLAINTIFF'S RIGHT TO PROCEED UNDER A PSEUDONYM

4.1  Concomitant with this complaint, the Plaintiff has moved for permission to proceed in this case using a pseudonym in accordance with the applicable law in this circuit.

4.2  According to *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."

4.3  As outlined in her Motion to Proceed Under a Pseudonym, the Plaintiff's need for anonymity outweighs any prejudice to the Defendant or the public's interest in knowing her identity.

## V. CLAIMS

### FIRST CLAIM FOR RELIEF
### 18 U.S.C. § 2255(A)

5.1  Plaintiff repeats and re-alleges all prior paragraphs.

5.2  18 U.S.C. § 2255, entitled "Civil remedy for personal injuries," provides that any person who is a victim of a violation of 18 U.S.C. §§ 2252, 2252A and other provisions and who suffers personal injury as a result of such violation shall recover the actual damages the person sustains and the cost of the suit, including a reasonable attorney's fee.

COMPLAINT-5

LAW OFFICE OF
JO-HANNA READ
2200 Sixth Ave., #1250
Seattle, WA 98121
(206) 441-1980
(206) 441-5803 Fax

5.3     18 U.S.C. § 2255(a) provides that any victim described in Section 2255 "shall be deemed to have sustained damages of no less than $150,000 in value."

5.4     A criminal jury determined—and the Ninth Circuit specifically affirmed—that Amy was a victim of the Defendant's violation of Sections 2252 and 2252A.

5.5     As detailed in Amy's victim impact statement and restitution request submitted in connection with the Defendant's criminal sentencing—and as specifically found by the Ninth Circuit—Amy suffered personal injury as a result of the Defendant's criminal acts.

5.6     "Amy…presented ample evidence that the viewing of [her] images caused [her] emotional and psychic pain, violated [her] privacy interests, and injured [her] reputation and well-being." *Kennedy*, 643 F.3d at 1263.

5.7     Amy suffered and continues to suffer personal injury as a result of the Defendant's criminal violations of the federal child pornography statutes and is entitled to, including without limitation, damages of at minimum $150,000, the cost of the suit including a reasonable attorney's fee, prejudgment and postjudgment interest, any other losses in an amount to be ascertained according to proof at trial, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
## 18 U.S.C. § 2252A(F)

5.8     Plaintiff repeats and re-alleges all prior paragraphs.

5.9     Pursuant to 18 U.S.C. § 2252A(f), any person aggrieved by reason of the conduct prohibited in Section 2252A(a) or (b) may commence a civil action, and the court may award appropriate relief, including compensatory and punitive damages, the costs of the action, and reasonable fees for attorneys and expert witnesses.

COMPLAINT-6

LAW OFFICE OF
JO-HANNA READ
2200 Sixth Ave., #1250
Seattle, WA 98121
(206) 441-1980
(206) 441-5803 Fax

5.10    As detailed in Amy's victim impact statement and restitution request submitted in connection with the Defendant's criminal sentencing, and as specifically found by the Ninth Circuit, Amy was aggrieved as a result of the Defendant's criminal acts.

5.11    "Amy...presented ample evidence that the viewing of [her] images caused [her] emotional and psychic pain, violated [her] privacy interests, and injured [her] reputation and well-being." *Kennedy*, 643 F.3d at 1263.

5.12    Amy was aggrieved and continues to be aggrieved as a result of the Defendant's criminal violations of the federal child pornography statutes and is entitled to, including without limitation, compensatory and punitive damages, the costs of this action, reasonable fees for attorneys and expert witnesses, prejudgment and postjudgment interest, any other losses in an amount to be ascertained according to proof at trial, and such other relief as the Court deems appropriate.

## VI.    RELIEF REQUESTED

WHEREFORE, the Plaintiff requests judgment against the Defendant as follows:

6.1    Statutory damages of no less than $150,000 pursuant to 18 U.S.C. § 2255(a);

6.2    Actual damages pursuant to 18 U.S.C. § 2255(a);

6.3    Compensatory damages pursuant to 18 U.S.C. § 2252A(f)(2)(B);

6.4    Punitive damages in an amount sufficient to punish the Defendant and deter others from like conduct pursuant to 18 U.S.C. § 2252A(f)(2)(B);

6.5    Costs of the action pursuant to 18 U.S.C. §§ 2255(a) and 2252A(f)(2)(C);

6.6    Reasonable attorneys' fees pursuant to 18 U.S.C. §§ 2255(a) and 2252A(f)(2)(C);

6.7    The cost of the suit pursuant to 18 U.S.C. § 2255(a);

LAW OFFICE OF
JO-HANNA READ
2200 Sixth Ave., #1250
Seattle, WA 98121
(206) 441-1980
(206) 441-5803 Fax

6.8 Reasonable fees for expert witnesses pursuant to 18 U.S.C. § 2252A(f)(2)(C);

6.9 Prejudgment and postjudgment interest;

6.10 Any relief within the Court's jurisdiction appropriate to the proof, whether or not demanded;

6.11 Such other and further relief as the Court deems just and proper.

Dated: January 3, 2013

LAW OFFICE OF JO-HANNA READ

By *Jo-Hanna Read*

Jo-Hanna Read
WSBA No. 6938
2200 Sixth Ave., Ste. 1250
Seattle, WA 98121
Telephone: (206) 441-1980
Email: jolawyer@read-law.com

MARSH LAW FIRM PLLC

By _____
James R. Marsh (*pro hac vice pending*)
P.O. Box 4668 #65135
New York, NY 10163-4668
Telephone / Fax: (212) 372-3030
Email: jamesmarsh@marshlaw.us

FREEMAN LEWIS LLP

By _____
Jennifer Freeman (*pro hac vice pending*)
Telephone: (212) 980-4082
Email: jfreeman@freemanlewis.com
1111 44th Rd # 302
Long Island City, NY 11101-5115
Fax: (212) 980-4055

COMPLAINT-8

LAW OFFICE OF
JO-HANNA READ
2200 Sixth Ave., #1250
Seattle, WA 98121
(206) 441-1980
(206) 441-5803 Fax