HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| "AMY",<br><br>                          Plaintiff,<br><br>        v.<br><br>JOSHUA OSMUN KENNEDY<br><br>                          Defendant. | **CONSOLIDATED**<br><br>LEAD CASE NO. C13-17 RAJ<br><br>MEMBER CASE NO. C13-762 RAJ<br><br>ORDER |

This matter comes before the court on its order to show cause why this case should not be stayed (Dkt. # 53), and the motions for writ of attachment filed by plaintiffs "Amy"[1] and "Vicky" prior to consolidation[2] (Dkt. # 31; Case No. 13-762, Dkt. # 8).  The court ordered the parties to show cause why this case should not be stayed to determine whether the proximate cause requirement[3] in 18 U.S.C. § 2259 attaches to plaintiffs' civil claim for damages under 18 U.S.C. §§ 2252A and 2255.  Dkt. # 53.

---

[1] "Amy" and "Vicky" are pseudonyms for victims depicted in child pornography images.
[2] The court will address Amy and Vicky as "plaintiffs" since their cases have been consolidated.
[3] The Ninth Circuit has held that section 2259 contains a proximate cause requirement to all kinds of losses described in § 2259(b)(3), but the Fifth Circuit disagreed, finding that the proximate cause requirement only applies to the catchall category of "other losses" in section 2259(b)(3)(F).  *Contrast United States v. Kennedy*, 643 F.3d 1251, 1261 (9th Cir. 2011) *with In re Unknown*, 697 F.3d 306, 329 (5th Cir. 2012).  The Supreme Court granted certiori from the

1    Having reviewed the parties' responses to the order to show cause, the briefing

2  regarding prejudgment writ of attachment, evidence, and the record herein, and having

3  held a hearing to provide defendant with the opportunity to show cause why a writ of

4  attachment should not issue, the court declines to enter a stay and grants the motions for

5  prejudgment writ of attachment.

6  **A. No Stay is Warranted**

7        In determining whether all losses under section 2259 require a showing of

8  proximate cause, the Ninth Circuit and Fifth Circuit relied on the statutory text.  *See*

9  *Kennedy*, 643 F.3d at 1260-61; *In re Unknown*, 697 F.3d at 316.  Section 2259(b)(3)

10 defines the term "full amount of the victim's losses," and includes, among other things,

11 "any other losses suffered by the victim as a proximate result of the offense."  18 U.S.C.

12 § 2259(b)(3)(F).  The *Kennedy* court noted that it has interpreted section 2259(b)(3) "as

13 allowing restitution only for losses that were 'proximately' caused by the defendant's

14 conduct."  *Kennedy*, 643 F.3d at 1261 (citing *United States v.. Laney*, 189 F.3d 954, 965

15 (9th Cir. 1999)).  The Fifth Circuit came to a different conclusion and held that the

16 proximate result language is limited to the category of "other losses" found in section

17 2259(b)(3)(F).  *In re Unknown*, 697 F.3d at 318-19.

18       In contrast to section 2259(b)(3)(F), sections 2255 and 2252A(f) do not contain

19 the term "proximate."  Section 2255 provides:

20
21       Any person who, while a minor, was a victim of a violation of section . . .
         2252A . . . of this title and who suffers personal injury as a result of such a
22       violation, regardless of whether the injury occurred while such person was
         a minor, may sue in any appropriate United States District Court and shall
23       recovery the actual damages such person sustains and the cost of the suit,
         including reasonable attorney's fee.  Any person as described in the
24

25  _____

26  Fifth Circuit case to determine the causal relationship between the defendant's conduct and the
    victim's harm or damages that the government or victim must establish to recover restitution
27  under section 2259.

proceeding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

18 U.S.C. § 2255(a).  Section 2252A(f) provides that "[a]ny person aggrieved by reason of" possessing and transporting child pornography "may commence a civil action" and seek "compensatory and punitive damages" and "the costs of the civil action and reasonable fees for attorneys and expert witnesses."  18 U.S.C. § 2252A(f).

While there appears to be some causal connection necessary in Section 2252A(f) ("by reason of") and section 2255 ("as a result of"), neither of these sections explicitly require proximate cause as required by section 2259 ("as a proximate result of").  Where "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion. *Russello v. United States*, 464 U.S. 16, 23 (1983).  Accordingly, the court presumes that Congress acted intentionally in omitting the term "proximate" in reference to civil damages available to victims of child pornography.

The court finds that the Supreme Court's resolution of the circuit split on whether proximate cause is required to demonstrate all losses to award restitution under section 2259 will have no affect on this court's determination regarding whether plaintiffs are entitled to civil damages under section 2255 and 2252A(f).  Accordingly, the court declines to enter a stay.

**B.  Motions for Prejudgment Writ of Attachment**

Federal Rule of Civil Procedure 64 provides:  "At the commencement of and throughout an action, every remedy available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies."  Fed. R. Civ. Proc. 64(a).  To prevail on a motion for issuance of prejudgment writ of attachment, plaintiffs must establish that (1) there is probable cause to believe that the alleged

statutory ground for attachment exists, and (2) the probable validity of the claims.  RCW
6.25.070(1); *see L.C. v. Gilbert*, Case No. C09-5586 BHS, 2010 WL 2650603 (W.D.
Wash. 2010).

    1.  <u>Probable Cause regarding Statutory Grounds for Attachment</u>

       Under Washington law, a plaintiff may obtain a prejudgment writ of garnishment
if the writ is issued for a purpose other than garnishing a defendant's earnings "(a) on the
ground that an attachment has been issued in accordance with chapter 6.25 RCW, (b) on
the ground that the plaintiff sues on a debt that is due and owing and unpaid, or (c) on one
or more of the grounds for issuance of attachment stated in RCW 6.25.030 or 6.25.040."
RCW 6.26.010.  Section 6.25.030 allows the court to issue a writ of attachment on the
grounds that, among others, "the damages for which the action is brought are for injuries
arising from the commission of some felony, gross misdemeanor, or misdemeanor[.]"
RCW 6.25.030(9).  Additionally, the plaintiff or someone on plaintiff's behalf must apply
for a writ of attachment by affidavit,

> alleging that the attachment is not sought and the action is not prosecuted to
> hinder, delay, or defraud any creditor of the defendant and also alleging that
> affiant has reason to believe and does not believe the following, together
> with specific facts on which affiant's belief in the allegations is based: (a)
> That the defendant is indebted to the plaintiff (specifying the nature of the
> claim and the amount of such indebtedness over and above all just credits
> and offsets), and (b) that one or more of the grounds stated in RCW
> 6.25.030 for issuance of a writ of attachment exists.

RCW 6.25.060.

       The Washington Supreme Court has held that the statute is broad and general.
*Buob v. Ochs*, 33 Wn. 2d 732, 734, 207 P.2d 189 (Wn. 1949).  The Washington Supreme
Court has also interpreted the term "indebtedness" broadly to encompass tort cases,
equity cases, or cases involving unliquidated claims.  *Id.* at 734-35.

       Here, plaintiffs seek civil damages for personal injuries resulting from Kennedy's
possession and transportation of child pornography, a felony.  The court finds that the

claims alleged here fall within the term "indebtedness" as interpreted broadly by the Washington Supreme Court.  Defendant does not challenge the remaining requirements of the statute, but rather focuses on RCW 6.25.040.  However, RCW 6.26.010 makes clear that there are a number of alternate grounds by which prejudgment attachment may be sought.  Plaintiffs have satisfied the requirements for one of those grounds under RCW 6.25.030.[4]

Accordingly, the court finds probable cause that statutory grounds for issuing a prejudgment writ of attachment exists.

2. <u>Probable Validity of Claim</u>

Defendant also argues that plaintiff has not proven the "probable validity" of her claim, citing RCW 6.25.060.  However, that section does not contain any requirement to establish probable validity.  Rather, RCW 6.25.070(3) contains the probable validity language.  Defendant does not dispute (1) the "fact that Mr. Kennedy was found guilty of possession and transportation of pornographic images of" Amy and Vicky, (2) the fact that Amy and Vicky are "victims" of the Defendant's criminal offense within the meaning of the applicable criminal statute, or (3) the fact that Amy and Vicky have been damaged by the sexual abuse and exploitation they suffered.  Dkt. # 37 at 5; Case No. 13-762, Dkt. # 16 at 5.  Defendant even concedes that "at best" Kennedy's "actions were the cause of the generalized harm that [they] suffered, not that the Defendant's actions were a material and proximate cause of [their] losses.  Dkt. # 37 at 6; Case No. 13-762, Dkt. # 16 at 6.  Nevertheless, defendant argues that plaintiffs have failed to introduce any evidence of a causal connection between Mr. Kennedy's conduct and any specific loss incurred or damage suffered by them.  *Id.* at 5.

---

[4] The court has already found that section 2252A and 2255 do not require a showing of proximate cause.  Accordingly, the court has not addressed defendant's argument regarding proximate cause.

1    Unfortunately for Kennedy, the court has already found that the section 2252A(f)

2    and 2255 do not require proximate cause, and the court is persuaded by the reasoning of

3    the Sixth Circuit, and adopts it here.  *Doe v. Boland*, 698 F.3d 877 (6th Cir. 2012), *cert*

4    *denied*, 133 S.Ct. 2825 (2013).  In *Boland*, plaintiffs sued defendant under section

5    2252A(f) and 2255 for personal injury damages as a result of morphed pornographic

6    images created and shared by Boland with court staff and parties to litigation.  698 F.3d

7    at 880.  Boland conceded that he violated section 2252A and that the plaintiffs were

8    considered victims under section 2255. *Id.* The question left for the court was whether

9    plaintiffs suffered a resulting "personal injury."  The court concluded that they did:

10   "Like a defamatory statement, pornography injures a child's reputation and emotional

11   well-being, and violates the individual interest in avoiding disclosure of personal

12   matters." *Id.* (quoting *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 249 (2002) and *New*

13   *York v. Ferber*, 458 U.S. 747, 759 n.10 (1982)) (internal quotations and citations

14   omitted).  "And like defamation, those harms are 'personal injuries.'"  *Id.* at 881.

15   Amy and Vicky were real children with legally protected interests in their

16   reputations.  *Id.* at 882.  They were real victims of child sex abuse and child pornography.

17   Every day of her life, Amy lives "in constant fear that someone will see [her] picture and

18   recognize [her] and that [she] will be humiliated all over again."  Dkt. # 32-2 (Ex. 2 to

19   Marsh Decl.).  Vicky has also been traumatized by the knowledge that images of her rape

20   are being circulated, causing her paranoia, wondering whether people she knows have

21   seen the images, and by the fact that some individuals who have seen the images have

22   tried to contact her.  Case No. 13-762, Dkt. # 8-5 (Ex. 3 to Hepburn Decl.).  At this early

23   stage of the litigation, it appears to the court, based on the victim statements, Kennedy's

24   admissions in the criminal proceeding, and Kennedy's concession regarding the

25   generalized harm caused by his actions, that every time Kennedy shared those

26   pornographic images, Kennedy invaded those interests and harmed their emotional well-

27   being and reputation.

1      It is true that most tort plaintiffs "must show the amount of their damages. But §

2   2255 is no ordinary cause of action. The statute declares that any victim 'shall be

3   deemed to have sustained damages of no less than $150,000 in value.'" *Boland*, 698 F.3d

4   at 882 (quoting 18 U.S.C. § 2255(a)). "The point of a minimum-damages requirement is

5   to allow victims of child pornography to recover *without* having to endure potentially

6   damaging damages hearings. Were it otherwise, a fresh damages hearing might inflict

7   fresh <u>wounds</u>, *increasing* the child's suffering *and* increasing the compensatory damages

8   to which she is entitled." *Id.* (emphasis in original). Congress could rationally conclude

9   that all children depicted in child pornography "are seriously injured and deserve a high

10  threshold amount of damages." *Id.* "Once a child has shown she was the victim of a sex

11  crime, there is little point in forcing her to prove an amount of damages, only to have the

12  court disregard that figure and award the statutory minimum." *Id.* at 883. Plaintiffs are,

13  of course, free to prove an amount of damages, as section 2252A(f) does not contain a

14  minimum damages award. However, they are not required to do so under section 2255.

15     Accordingly, the court finds that plaintiffs have demonstrated the probable validity

16  of their claims.

17  3. Fourteenth Amendment

18     Defendant also argues that the fact that section 2252 sets a minimum award of

19  $150,000 violates the Fourteenth Amendment's prohibition on the imposition of grossly

20  excessive or arbitrary punishments on a tortfeasor. Dkt. # 37 at 6. The court presumes

21  that defendant intended to cite section 2255, which sets the $150,000 minimum, rather

22  than section 2252, which provides no remedy for civil damages.[5]

23

24

25

26     [5] Section 2252A(f) provides the civil damages remedy that plaintiffs seek. The court

27  notes that defendant has not challenged the constitutionality of section 2252A(f), the plaintiffs'
    second claim for relief.

1    The Fourteenth Amendment prohibits states from imposing grossly excessive or

2    arbitrary punishments on tortfeasors. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538

3    U.S. 408, 416 (2003).  Compensatory damages are intended to redress the concrete loss

4    that a plaintiff has suffered by reason of defendant's wrongful conduct. *Id.* By contrast,

5    punitive damages serve a broader function aimed at deterrence and retribution. *Id.*

6    Here, the $150,000 minimum damages are deemed to be the "actual damages"

7    sustained, not punitive damages.  18 U.S.C. § 2255(a).  As stated above, the court is

8    persuaded by the reasoning of the Sixth Circuit:

> The point of a minimum-damages requirement is to allow victims of child
> pornography to recover *without* having to endure potentially damaging
> damages hearings.  Were it otherwise, a fresh damages hearing might inflict
> fresh <u>wounds</u>, *increasing* the child's suffering *and* increasing the
> compensatory damages to which she is entitled. . . . Once a child has shown
> she was a victim of a sex crime, there is little point in forcing her to prove
> an amount of damages, only to have the court disregard that figure and
> award the statutory minimum.

14   *Boland*, 698 F.3d at 882.  While plaintiffs are certainly free to prove an amount of

15   damages in excess of $150,000, they are not required to do so and simply seeking the

16   statutory minimum for actual damages does not run afoul of the Fourteenth Amendment.

17       4.  <u>Seventh Amendment</u>

18

19   Defendant also argues that the statutory minimum violates Kennedy's Seventh

20   Amendment right to a jury trial.  Dkt. # 37 at 7-9.  As an initial matter, the court finds

21   that the Seventh Amendment[6] right to a civil jury trial applies here to plaintiffs' claims

22   seeking damages for injuries caused by wrongful conduct because the remedy of damages

23   is the traditional form of relief granted by the common law courts.  *See In re U.S. Fin.*

24

---

25

26   [6] The Seventh Amendment provides:  "In suits at common law, where the value in
     controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact
27   tried by a jury, shall be otherwise reexamined in any Court of the United States, than according
     to the rules of common law."  U.S. Const. amend. VII.

*Sec. Lit.*, 609 F.2d 411, 422, 423 (9th Cir. 1979) ("it is too obvious to be doubted that the constitutional right to a jury trial attaches to statutory causes of action as long as they involve legal rights and remedies."). Additionally, the Ninth Circuit has held that "there is no right to a jury trial when the judge awards the minimum statutory damages." *GoPets LTD v. Hise*, 657 F.3d 1024, 1034 (9th Cir. 2011). Here, if plaintiffs decide to seek the statutory minimum of $150,000 for their section 2255 claim, then defendant is not entitled to a jury trial. If plaintiffs decide to seek an amount greater than the minimum or seek damages under section 2252A(f), then defendant is entitled to a jury trial. Accordingly, the $150,000 statutory minimum does not violate the Seventh Amendment.

    5. Bond

       Defendant also argues that a bond of only $500 is not authorized by statute or reasonable. Amy requested a $500 bond. Dkt. # 31 at 12.

       Before a writ of attachment issues, plaintiff must execute and file with the clerk a surety bond in an amount no less than $3,000 in the superior court or $500 in the district court, and double the amount for which plaintiff demands judgment, or such other amount as the court shall fix "conditional that the plaintiff will prosecute the action without delay and will pay all costs that may be adjudged to the defendant, and all damages that the defendant may sustain by reason of the writ of attachment or of additional writs issued[.]" RCW 6.25.080.

       Here, this court is the functional equivalent of the state superior court, so the minimum bond would be $3,000. Plaintiffs have indicated that they seek at least $150,000.[7] The court believes that a $300,000 bond, as defendant requests, for victims of

---

    [7] Plaintiffs seek to attach a floating houseboat and the real property on which it sits located at 3236 ½ Portage Bay Pl. E., Seattle, WA 98102 (Tax Parcel No. #B3-4200-069589-04 & 408880-1450-03) (Dkt. # 37-1 at 5).

child pornography is so cost-prohibitive that it would result in the inability of virtually any victim of child pornography to attach any property of a defendant. Such a result would fly in the face of the very statutes that provide a civil remedy for these vulnerable victims if defendants have the ability to creatively move assets to become judgment-proof. Section 6.25.080 provides a remedy for defendant if plaintiffs delay prosecution of this action and for costs sustained by defendant by reason of the writ. The court is cognizant of the fact that Kennedy shares equal ownership in the houseboat with his mother, and that they are currently attempting to sell that property. However, the court believes that attachment of the entire property is necessary to prevent transfer of Kennedy's interest in the property for less than market value. The court is open to proposals from the parties regarding a procedure to quash the writ of attachment in the event that a purchase and sale agreement is entered into between Kennedy and his mother and a buyer for fair market value, and to attach Kennedy's portion[8] of the sale proceeds. The court expects the parties to meet and confer before filing any such future motions, preferably, using the expedited procedure available in Local Civil Rule 37(a)(2)(I) if the parties cannot come to an agreement to file a stipulation.

Accordingly, the court exercises its discretion in entering a nominal bond of $3,000.

6. RCW 6.25.170

Defendant's final argument is that plaintiffs have not made the requisite showing under RCW 6.25.170 to obtain additional discovery of his other assets. However, plaintiffs have not moved the court for examination of defendant as to his property. Accordingly, the court need not address this argument.

---

[8] Kennedy represents that he has a one-half equal share in the property.

**C. Conclusion**

1

2      For all the foregoing reasons, the court declines to impose a stay, and GRANTS

3   plaintiffs' motions for writ of attachment for the Portage Bay property, which consists of

4   real and personal property.   The Clerk is DIRECTED to issue the Writs of Attachment,

5   and the United States Marshal may immediately execute them.  Plaintiffs are ORDERED

6   to deposit a bond in the total amount of $3,000 to the Clerk of Court no later than

7   November 8, 2013.

8

9      Dated this 1st day of November, 2013.

10

11                                         _____

12                                         The Honorable Richard A. Jones
                                           United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER - 11