HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| "AMY",<br><br>        Plaintiff,<br><br>   v.<br><br>JOSHUA OSMUN KENNEDY<br><br>        Defendant. | **CONSOLIDATED**<br><br>LEAD CASE NO. C13-17 RAJ<br><br>MEMBER CASE NO. C13-762 RAJ<br><br>ORDER |

This matter comes before the court on plaintiffs' joint motions (1) for publication of the November 1, 2013 order (Dkt. # 60), and (2) for correction of clerical error in the order. Dkt. # 63. Defendant does not object to the motion for correction of clerical error, and requests that the court also correct what he deems to be a mistake. Dkt. # 65 at 3. Defendant requests that the court change the term "shared" at page 6, lines 22-27 of Dkt. # 60. *Id.* Plaintiffs agree that, since defendant's conviction was for transportation and possession of child pornography, that if the court chooses to modify the language, it should substituted "viewed and transported" for "shared."[1] Dkt. # 66 at 3. Since

---

[1] Plaintiffs dispute defendant's contention that there is no evidence that he "shared" the pornographic images.

ORDER - 1

plaintiffs agree that "viewed and transported" should be substituted, the court GRANTS defendant's request, as well as plaintiff's motion to correct the clerical error.

With respect to plaintiffs' request that the court designate its order for publication, plaintiffs do not provide any procedural mechanisms or rules by which the court could so designate. This is probably because none exist at the district court level. Unlike Circuit courts,[2] the vast majority of district court judges exercise little or no control over which cases become "published" in West Publishing Company's ("West") official reporters. Although judges may request the publication of a particular order, West need not grant the request. The undersigned judge has never requested that West (or any other publisher) publish one of its opinions, and the court knows many judges who take the same approach. Nevertheless, many federal district court opinions become "published" at the whim of West. Additionally, with the advent of the E-Government Act of 2002 (*see* 44 U.S.C. § 3501), virtually every district court order becomes "published" in the sense that it is placed in the online databases on Westlaw.com, Lexis.com, or any of numerous other services. Again, the court has no control over which orders these online databases choose to "publish" online. Even before 2002, West and others "published" many decisions of many courts (including federal district courts and state courts of all stripes) in this fashion. Nevertheless, lawyers commonly refer to cases published solely in electronic databases as "unpublished."

Additionally, the distinction between "published" and "unpublished" federal district court decisions is meaningless. This is for the simple reason that such decisions bind no one except the parties in the underlying case. When this court makes an order, no one but the parties before it need pay attention to it. Even judges within the Western

---

[2] The court notes that the distinction between "published" versus "unpublished" decisions of Circuit courts has largely gone by the wayside. *See* Fed. R. App. Proc. 32.1 (court "may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions" that are designated as "unpublished" and issued on or after January 1, 2007).

District of Washington are free to ignore the orders of the undersigned judge, to say nothing of the thousands of district court judges across the country. As a practical matter, however, it does not pay to ignore such orders. The undersigned judge (like most other judges) is keenly interested in other court decisions on similar issues, even though those decisions are not binding.

In sum, this court has no control over West or other online databases regarding whether they choose to provide an order online or "publish" it in the official reporter. Accordingly, the court DENIES plaintiffs' motion for publication.

For all the foregoing reasons, the court GRANTS in part and DENIES in part plaintiffs' motions. The court will file an amended order of Dkt. # 60 that corrects the clerical mistakes in that order.

Dated this 25th day of February, 2014.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge