UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| "Vicky",<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>Joshua Osmun Kennedy,<br><br>　　　　　　Defendant. | **CONSOLIDATED**<br><br>LEAD CASE NO. C13-17 RAJ<br><br>MEMBER CASE NO. C13-762 RAJ<br><br>DECLARATION OF CAROL L. HEPBURN IN SUPPORT OF MOTION TO EXTEND TIME<br><br>**NOTE ON MOTION CALENDAR:**<br>August 22, 2014<br>WITHOUT ORAL ARGUMENT |

CAROL L. HEPBURN hereby declares the following to be true and correct under penalty of perjury of the laws of the State of Washington and says:

1. I am over the age of eighteen, am competent to testify in this matter, and make this Declaration upon personal knowledge. The facts recited herein are true and

DECLARATION OF CAROL L. HEPBURN IN SUPPORT OF MOTION TO EXTEND TIME- 1

LAW OFFICE OF JO-HANNA READ
2200 Sixth Ave.,
#1250 Seattle, WA 98121
(206) 441-1980
(206) 441-5803 Fax

correct to the best of my knowledge under the laws of perjury of the State of Washington.

2. I am the attorney for Plaintiff "Vicky" herein, and submit this declaration in support of Plaintiff "Amy" and Plaintiff Vicky's motion for leave to extend time for filing their discovery motions.

3. Plaintiff relied upon reading LCR 16(b)(2) and LCR 6 in filing her discovery motion before the discovery cutoff. Plaintiff concedes she failed to read carefully and follow the Court's Minute Scheduling Order, which requires that discovery motions be noted on the calendar for the Friday before discovery closes. Rather, believing that the deadline for filing was the discovery cutoff, Vicky filed her Motion to Compel Deposition Testimony of Defendant on July 7, 2014, believing erroneously, but in good faith, that it was timely.

4. It would not have been possible, however, to file the motion which concerned Kennedy's Deposition Testimony on July 19, 2014 because the deposition did not occur until June 27, 2014 for the reasons set forth below.

5. It was my desire not to take Defendant Kennedy's deposition before having the documents and answers from him requested in Plaintiff Amy's written discovery. I wanted to take his deposition in one sitting and review all issues with him which might be raised by the documents as well as the issues in the case. We, plaintiffs' counsel, attempted to work cooperatively with defense counsel on discovery issues. As detailed in the Declaration of Jennifer Freeman filed contemporaneously with this declaration and the Plaintiffs' Motion to Extend, there was substantial delay in

DECLARATION OF CAROL L. HEPBURN
IN SUPPORT OF MOTION TO EXTEND
TIME- 2

LAW OFFICE OF JO-HANNA READ
2200 Sixth Ave.,
#1250 Seattle, WA 98121
(206) 441-1980
(206) 441-5803 Fax

obtaining documents responsive to the document demand and answers to the interrogatories.  Indeed, Defendant did not serve his supplemental responses to Amy's document demands and interrogatories until June 20.

6.   Nevertheless, with the discovery cutoff approaching, my office attempted to set Defendant's deposition early in month of June, 2014.  We suggested several dates in early June and a backup date of June 30, 2014.  It is my intent in practice to work cooperatively with opposing counsel to set dates whenever possible.  None of the early June dates worked.  As we worked through possible dates, the first date which was available for the deposition was June 27, 2013.  Attached emails document a portion of the communications with Kennedy's counsel seeking to schedule his deposition.

   A.   Attached at Exhibit 1 is a true and correct copy of my email on May 27, 2014 to defense counsel requesting a video deposition of defendant in June 2014 and with Ms. Hepburn's available dates for the deposition.

   B.   Attached at Exhibit 2 is a true and correct copy of my email on June 4, 2014 with a potential deposition date for defendant of June 19, 2014.

   C.   Attached at Exhibit 3 is a true and correct copy of the June 6, 2014 email from defense counsel asking for dates after June 22, 2014.

   D.   Attached at Exhibit 4 is a true and correct copy of my June 9, 2014 email to defense counsel with attached Notice of Video Deposition of Defendant set for June 23, 2014.

DECLARATION OF CAROL L. HEPBURN IN SUPPORT OF MOTION TO EXTEND TIME- 3

LAW OFFICE OF JO-HANNA READ
2200 Sixth Ave.,
#1250 Seattle, WA 98121
(206) 441-1980
(206) 441-5803 Fax

E. Attached at Exhibit 5 is a true and correct copy of Cathy Norgaard's June 11, 2014 email requesting to move defendant's deposition to June 24, 2014.

F. Attached at Exhibit 6 is a true and correct copy of my email dated June 11, 2014 to defense counsel informing them that I was unavailable for defendant's deposition on June 24, 2014.

G. Attached at Exhibit 7 is a true and correct copy of my paralegal's email to defense counsel dated June 18, 2014 following up on the rescheduling of defendant's deposition from June 23, 2014 to possibly June 26, 2014 or June 27, 2014.

H. Attached at Exhibit 8 is a true and correct copy of Cathy Norgaard's email dated June 18, 2014 confirming June 27, 2014 as the new deposition date for Defendant Kennedy.

I. Attached at Exhibit 9 is a true and correct copy of my paralegal's email date June 18, 2014 with the Amended Notice of Deposition of Defendant rescheduled to June 27, 2014.

7. During this time counsel for Plaintiffs and counsel for Defendant were also discussing settlement. Time was taken in considering the communications in this regard with the hope that we could avoid further expense in discovery efforts by resolving the entire matter.

8. At the time of the deposition, Mr. Kennedy, asserting his Fifth Amendment privilege and a "privacy" objection, failed to answer multiple questions.

DECLARATION OF CAROL L. HEPBURN
IN SUPPORT OF MOTION TO EXTEND
TIME- 4

LAW OFFICE OF JO-HANNA READ
2200 Sixth Ave.,
#1250 Seattle, WA 98121
(206) 441-1980
(206) 441-5803 Fax

1  Two business days following the deposition plaintiff's counsel wrote to defense counsel outlining her concerns about Mr. Kennedy's lack of answers to deposition questions and requesting a conference two days later on July 3, 2014.  Defense counsel was not available until July 9, two days after the July 7, 2014 discovery cutoff and the filing of the motion to compel deposition testimony.  A telephone conference with defense counsel was in fact had on July 11 and again, as at the time of deposition, it was clear that there was no possibility of resolving the issue of Mr. Kennedy's answering the questions posed.

9. Plaintiff Vicky's Motion to Compel Defendant's Deposition Testimony, by its nature could not be noted before the taking of the defendant's deposition which did not occur until June 27, 2014, the week before the discovery cutoff.

10. I am not aware of any prejudice which inures to Defendant Kennedy by virtue of Plaintiff's motion being filed on July 7, 2014 rather than June 19, 2014.

DATED this 14th day of August, 2014 at Seattle, Washington.

CAROL L. HEPBURN, P.S.

  /Carol L. Hepburn_____
Carol L. Hepburn
2722 Eastlake Avenue East, #200
Seattle, WA  98102
 (206) 957-7272
(206) 957-7273 fax
Emails:  carol@hepburnlaw.net
Of attorneys for Plaintiff Vicky

DECLARATION OF CAROL L. HEPBURN
IN SUPPORT OF MOTION TO EXTEND
TIME- 5

LAW OFFICE OF JO-HANNA READ
2200 Sixth Ave.,
#1250 Seattle, WA 98121
(206) 441-1980
(206) 441-5803 Fax