HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

"AMY",

                Plaintiff,

      v.

JOSHUA OSMUN KENNEDY

                Defendant.

**CONSOLIDATED**

LEAD CASE NO. C13-17 RAJ

MEMBER CASE NO. C13-762 RAJ

ORDER

      This matter comes before the court on the following motions:  (1) Amy's motion to compel discovery responses and produce documents (Dkt. # 77); (2) Vicky's motion to compel deposition testimony (Dkt. # 79); (3) Attorney Elliott's motion to strike or renote (Dkt. # 83); and (4) plaintiffs' motion for extension of time to file motions to compel (Dkt. # 96).

      Plaintiff's filed their motions to compel (Dkt. ## 77 & 79) on July 7, 2014, which was also the deadline for completing discovery (Dkt. # 69).  The court's scheduling order states that all motions related to discovery must be noted on the motion calendar no later than the Friday before discovery closes pursuant to LCR 7(d)(3).  Dkt. # 69 at 1.  Thus, plaintiff's motions are untimely.  Nevertheless, the court may modify the case schedule only for good cause. Fed. R. Civ. Proc. 16(b)(4).

**A. Amy's Motion to Compel Discovery**

Amy moves the court for an order compelling defendant to produce certain documents and respond to certain interrogatories set forth in plaintiffs' first request for production of documents and interrogatories, as well as to produce a privilege log. Amy also moves the court for an order compelling defendant's criminal defense counsel to produce certain documents and provide a privilege log. Dkt. # 77 at 1.

Amy seeks production of Disc #10 and for encryption codes for all the discs produced pursuant to Requests 1 and 2. However, plaintiffs first received the ten discs on May 22, 2013 as part of initial disclosures. Dkt. # 78 (Freeman Decl. iso Mot. to Compel ("MTC")) ¶ 4. Based on the record before the court, the first discovery conference regarding these discs took place on June 9, 2014. Dkt. # 87 (Hart Decl.) ¶ 2. Amy has failed to provide any explanation why she waited more than one year to conduct a discovery conference with respect to the discs. Accordingly, the court finds that Amy has failed to demonstrate good cause with respect to the discs.

Nevertheless, the court has concerns with respect to the encryption issue. Out of abundance of caution and to ensure fairness, defendant's counsel shall make his copies of the ten discs available for inspection and copying to plaintiff's counsel within fourteen days of this order. If defendant's copies of the discs are also encrypted, the parties shall meet and confer within twenty-one days of this order to determine whether defendant's criminal counsel or the government would be willing to allow plaintiff's counsel to inspect and copy the original files. The parties shall file a joint status report informing the court regarding the result of inspection and/or any such discussions with defendant's criminal counsel or the government, if any, no later than six weeks from the date of this order.

With respect to the remaining discovery requests, Amy served the discovery requests on January 3, 2014. Dkt. # 78 (Freeman Decl. iso MTC) ¶ 5. On January 21, 2014, defendant requested a temporary extension on the deadline to respond to allow time

1    for the parties to explore the possibility of settlement.  Dkt. # 97 (Freeman Decl. iso Mot.

2    for Leave for Extension ("Leave Mot.")) ¶ 11.  Plaintiffs agreed to a February 19, 2014

3    deadline.  *Id.* ¶ 12.  On February 19, 2014, defendant served boilerplate objections, did

4    not produce any documents, and did not answer any interrogatories.  *Id.* ¶ 13.  By late

5    March, plaintiffs declined to delay discovery any longer because the parties did not reach

6    settlement.  *Id.* ¶ 14.  Rather than follow up with defendant and meet and confer

7    regarding the inadequate responses, plaintiffs served subpoenas to defendant's criminal

8    attorneys.  *Id.* ¶¶ 15-17.  Based on the record before the court, June 2, 2014 is the first

9    time plaintiffs attempted to meet and confer regarding the inadequate February 19

10   responses.  *Id.* ¶ 19.

11           Although the parties met and conferred regarding the discovery requests several

12   times in June 2014, plaintiffs have not provided any reason why they waited over three

13   months to meet and confer regarding the blanket objections defendant served.  Nor has

14   plaintiff provided any explanation as to why they did not file a motion for relief from

15   deadline prior to the discovery cutoff.  Indeed, as early as June 20, 2014, plaintiffs

16   received additional responses from defendant which they deemed to be deficient, and

17   plaintiffs waited until the last day of discovery to file a motion to compel.  Plaintiffs

18   should have immediately filed a motion for relief from deadline requesting an extension

19   in the case schedule at that point in time.  They did not.  Rather, the motion to extend the

20   case schedule was filed on August 14, 2014, well after the discovery deadline.  Dkt. # 96.

21   The court recognizes that defendant is also to blame for the significant delay in providing

22   discovery responses.  However, defendant's delay does not excuse Amy's lack of

23   diligence in pursuing the discovery.

24           Accordingly, the court finds that Amy has not demonstrated good cause to extend

25   the case schedule with respect to defendant's discovery responses.

26

27

1    Amy also seeks an order compelling defendant's criminal attorneys to produce
2    certain documents.[1]  Amy served a subpoena duces tecum on Suzanne Elliott on April 14,
3    2014.  Dkt. # 97 (Freeman Decl. iso Leave Mot.)  ¶ 15.  Ms. Elliott served general
4    objections on May 15, 2014.  *Id.* ¶ 16.  On June 2, 2014, plaintiffs sent a meet and confer
5    letter to Ms. Elliott, identifying deficiencies in her objections and requesting privilege
6    logs.  *Id.* ¶ 19.  In that letter, plaintiffs requested a conference call to discuss the
7    discovery requests, and provided dates of availability of June 4, June 9 or June 10.  Dkt. #
8    97-9 at 2 (Ex. I to Freeman Decl. iso Leave Mot. at 1).  Plaintiffs and Ms. Elliott
9    participated in the meet and confer conference on June 9, 2014.  Dkt. # 97 (Freeman
10   Decl. iso Leave Mot.) ¶ 20. During the conference, Ms. Elliott stated that the applicable
11   ethical rules prohibit her from producing any responsive documents, and that she would
12   not do so without a court order.  Dkt. # 78 (Freeman Decl. iso MTC) ¶ 13.

13   Despite knowing that Ms. Elliott would not produce documents absent court order
14   on June 9, 2014, Amy waited to file her motion until July 7, 2014.  She does not explain
15   why she waited one month to file the motion, or why she did not seek leave to extend the
16   case schedule to resolve the discovery dispute with Ms. Elliott prior to the last day of
17   discovery.  The court understands that there were outstanding discovery requests between
18   the parties at that time as well.  Nevertheless, the court sees no reason why Amy did not,
19   at a minimum, request an extension of the discovery deadline as to Ms. Elliott's
20   subpoena.

21   The court finds that Amy has not demonstrated good cause to extend the discovery
22   deadline with respect to Ms. Elliott's subpoena.

23   Accordingly, the court finds that the motion to compel discovery responses is
24   untimely, and DENIES the motion to compel.  Dkt. # 77.  The court also DENIES
25   plaintiffs' motion for extension of time to file this motion to compel.  Dkt. # 96.  The

26   _____

27         [1] Amy has withdrawn the motion with respect to Gilbert Levy.

ORDER - 4

1    court notes that this conclusion renders Ms. Elliott's motion to strike or re-note MOOT.

2    Dkt. # 83.

3    **B. Vicky's Motion to Compel Deposition Testimony**

4         Vicky argues that the court should compel defendant to testify regarding three

5    categories of questions that defendant refused to answer:  (1) those in which he invoked

6    the Fifth Amendment right against self-incrimination; (2) those in which he asserted

7    "privacy" as a basis for not answering questions related to current and past residences,

8    and (3) those regarding his assets.

9         On May 27, 2014, Vicky requested available dates for defendant's deposition

10   between June 2 and June 6, June 9 and June 11, or June 30, 2014.[2]  Dkt. # 98-1 at 2 (Ex.

11   1 to Hepburn Decl. iso Leave Mot.).  However, defendant's counsel requested available

12   dates after June 22, 2014.  Dkt. # 98-3 at 2 (Ex. 3 to Hepburn Decl. iso Leave Mot.).

13   Vicky then served defendant with a notice of deposition for June 23, 2014.  Dkt. # 98-4 at

14   4-5 (Ex. 4 to Hepburn Decl. iso Leave Mot.).  Defendant requested that the deposition be

15   moved to June 24, 2014.  Dkt. # 98-5 at 2 (Ex. 5 to Hepburn Decl. iso Leave Mot.).

16   However, Vicky's counsel was unavailable on June 24, so she suggested June 26 and 27,

17   2014.  Dkt. # 98-7 at 2 (Ex. 7 to Hepburn Decl. iso Leave Mot.).  Defendant's deposition

18   was held on June 27, 2014.  Dkt. # 81-1 at 1 (Ex. 1 to Am. Hepburn Decl.).

19        During the deposition, defendant repeatedly invoked the Fifth Amendment with

20   respect to all questions relating to the circumstances that led to his arrest and conviction,

21   refused to answer questions about his current and past residence based on "privacy"

22   concerns, and refused to answer questions regarding his assets.  On July 1, 2014, Vicky

23   _____

24        [2] The court has already addressed the delay caused by both sides with respect to written
25   discovery.  Although the court acknowledged Amy's lack of diligence with respect to the written
     discovery, the court believes that delays by defendant exacerbated Vicky's ability to take
26   defendant deposition in a timely manner prior to the close of discovery.  Accordingly, the court
     has not considered the delays caused by both sides with respect to the written discovery for
27   purposes of the deposition.

1    sent defendant a meet and confer letter stating that defendant's refusal to answer the

2    questions posed were improper, and requesting a conference on July 3 or July 7 to discuss

3    the matter.  Dkt. # 80-2 (Ex. 2 to Hepburn Decl.).  Defendant's counsel responded that he

4    would not be available until July 9.  Dkt. # 81 (Am. Hepburn Decl.) ¶ 16.

5         The court finds that based on these facts, Vicky was diligent in her attempt to

6    depose defendant and in her attempt to meet and confer prior to filing the motion to

7    compel.  The court also finds that defendant's delay caused significant disruption and

8    prevented Vicky from filing the motion to compel timely.  Accordingly, the court finds

9    good cause to amend the case schedule to consider the motion to compel deposition

10   testimony, and GRANTS the motion for extension of the case schedule as to this motion.

11        With respect to the questions where defendant invoked the Fifth Amendment, the

12   questions included whether he possessed or transported images of Amy or Vicky and

13   whether he harmed Amy or Vicky by viewing their images, as well as questions

14   regarding the circumstances of his detention at SeaTac airport and regarding the location

15   of images on his computer.  *See* Dkt. # 81-1 at 6-7, 14, 29-33 & # 81-2 at 1-4, 9-11 (Exs.

16   1 & 2 to Am. Hepburn Decl., Kennedy Depo. at 28:22-29:14, 38:18-25, 58:15-68:23,

17   73:13-75:8).

18        In her opening brief, Vicky appears to argue that the court should strike

19   defendant's testimony where he invoked the Fifth Amendment.  Dkt. # 79 (Mot. to

20   Compel Depo. ("MTCD")) at 6.  It is unclear to the court why Vicky would request the

21   court to strike testimony in a motion to compel additional deposition testimony.  In reply,

22   Vicky argues that defendant must choose between possible further criminal jeopardy or

23   sanctions and/or adverse inferences drawn against him in this civil action.  Dkt. # 100

24   (Reply) at 3.  Again, it is unclear to the court why Vicky is requesting an adverse

25   inference instruction at this stage of the proceedings.

26

27

1    Nevertheless, it appears that Vicky also requests that the court order defendant to

2 answer questions relevant to the claims alleged, that Vicky is a victim of defendant's

3 crime and that she has suffered damages.  Dkt. # 79 (MTCD) at 6, 8.

4    Defendant argues that under the doctrine of dual sovereignty, the mere fact that

5 defendant has already been prosecuted and convicted in federal court would not prevent

6 him from being subject to prosecution in state court for the same conduct.  Dkt. # 85

7 (Opp'n) at 3 (citing *State v. Ivie*, 136 Wn. 2d 173, 178 (1998)).  Defendant is mistaken.

8 The case and language quoted by defendant applies to whether "nonjudicial punishment"

9 imposed by the military against defendants for drunk driving amounted to criminal

10 prosecution as referenced in RCW 10.43.040.  *Ivie*, 136 Wn. 2d at 176-177.

11    Although the federal constitution does not bar subsequent prosecutions by

12 different sovereigns, states may elect to provide greater protections from double

13 jeopardy.  *State v. Rivera-Santos*, 166 Wn. 2d 722, 727, 214 P.3d 130 (Wn. 2009).

14 Washington has elected to provide greater protections.  RCW 10.43.040;[3] *Ivie*, 136 Wn.

15 2d at 176 ("RCW 10.43.040 prohibits a Washington prosecution if the defendant has

16 already been prosecuted for the same offense by the federal government or another state

17 or county.").

18    Defendant has already been convicted for possession and transportation of child

19 pornography in federal court.  Washington therefore prohibits his prosecution for

20 possession and transportation of child pornography under the equivalent state statutes.

21

22

23    _____

24    [3] RCW 10.43.040 provides:  "Whenever, upon the trial of any person for a crime, it

25 appears that the offense was committed in another state or county, under such circumstances that
the courts of this state had jurisdiction thereof, and that the defendant has already been acquitted

26 or convicted upon the merits, in a judicial proceeding conducted under the criminal laws of such
state or county, founded upon the act or omission with respect to which he is upon trial, such

27 former acquittal or conviction is a sufficient defense."

1   RCW 10.43.040; *see* RCW 9.68A.060-0.70.[4]   Accordingly, defendant improperly

2   invoked the Fifth Amendment privilege during his deposition.  Defendant has not

3   identified any other crime for which his testimony would result in criminal prosecution.

4   Vicky is entitled to responses, and defendant must answer the questions regarding the

5   circumstances and basis for his detention, arrest, prosecution, and conviction for

6   possession and transportation of child pornography.

7          Defendant also refused to answer questions regarding his current and former

8   residences on the grounds of "privacy."  However, counsel for defendant did not and has

9   not identified any privilege in defendant's refusal to answer these questions, but rather

10   clarified that the objection was that it seeks information beyond the scope of discovery.

11   Dkt. # 81-1 at 24-25 (Ex. 1 to Am. Hepburn Decl., Kennedy Depo. at 49:6-50:16).

12          Federal Rule of Civil Procedure 30(c)(2) governs objections during depositions.

13   Rule 30(c)(2) provides:

14          An objection at the time of the examination—whether to evidence, to a
            party's conduct, to the officer's qualifications, to the manner of taking
15          deposition or to any other aspect of the deposition—must be noted on the
            record, but the examination still proceeds; the testimony is taken subject to
16          any objection. . . . A person may instruct a deponent not to answer only
            when necessary to preserve a privilege, to enforce a limitation ordered by
17          the court, or to present a motion under Rule 30(d)(3).

18

19          Here, defendant had no privilege protecting the information sought, and thus must

20   have answered the questions posed.  Additionally, the court finds that questions regarding

21   past residences and with whom he lived are relevant to defendant's counterclaim that

22   plaintiffs violated the notice provisions of RCW 6.25.070 and due process rights under

23   the Fourteenth Amendment to the U.S. Constitution when they recorded the writ of

24   attachment against the titles to his two residences.  Dkt. # 21 (Am. Ans. & Countercl.)

25   _____

26      [4] The court notes that the statute of limitations has also expired on any potential state
     crime for possession or transportation of child pornography. RCW 9A.04.080(1)(h) (three-year
27   statute of limitations for felonies not enumerated in other subsections).

¶¶6.1-6.7.  These questions are also relevant to Amy's affirmative defense to the counterclaim that she diligently sought to serve defendant with the attachment motion papers at both his residences, but defendant evaded service.  Dkt. # 35 at 2-3 ¶ (i).

Accordingly, defendant improperly refused to answer questions regarding his past residences and with whom he lived.

Finally, questions regarding defendant's assets are relevant to the issue of damages.  Defendant improperly refused to answer these questions.

The court finds that defendant violated Rule 30(c)(2) when he refused to answer questions regarding the three categories identified by plaintiffs.

**C. Conclusion**

For all the foregoing reasons, the court DENIES Amy's motion to compel except as specified in the order with respect to the encryption issue (Dkt. # 77), GRANTS Vicky's motion to compel deposition testimony (Dkt. # 79), and DENIES in part and GRANTS in part plaintiffs' motion for extension of the case schedule (Dkt. # 96).  Ms. Elliott's motion to strike or re-note is MOOT.  Dkt. # 83.  Defendant is ORDERED to make himself available and to answer questions he previously refused to answer within twenty-one days of this order. *See* Dkt. # 81 (Am. Hepburn Decl.) ¶¶ 6-11, 14-15. Plaintiffs may only ask questions that defendant refused to answer on the three grounds raised in Vicky's motion to compel deposition testimony.  The court expects defendant to fully comply with Rule 30(c)(2), his discovery obligations, and all other applicable rules. Fed. R. Civ. Proc. 30(c)(2).  If defendant refuses to answer questions in the second deposition, except when necessary to preserve a privilege,[5] he will be sanctioned for violation of court order and Federal Rule of Civil Procedure 30(c)(2).

---

[5] The court is not aware of any privilege that defendant could assert, and defendant has not identified any, other than the Fifth Amendment privilege, which the court has rejected. Accordingly, the court expects that defendant will answer every question, regardless of whether counsel objects.

1    Dated this 22nd day of September, 2014.

2

3

4    _____

5    The Honorable Richard A. Jones
     United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER - 10